CHRISTOPHER JACKMAN, *ET AL.*, PLAINTIFFS-APPEL-
LANTS, v. JOHN M. BODINE, *ET AL.*, DEFENDANTS-
RESPONDENTS.

THE ELIZABETH DAILY JOURNAL, *ET AL.*, PLAINTIFFS-
APPELLANTS, v. ROBERT J. BURKHARDT, *ET AL.*, DE-
FENDANTS-RESPONDENTS.

Argued July 27, 1967—Decided July 27, 1967.

Mr. *Sidney P. McCord, Jr.,* argued the cause for intervenor Fred J. Scholz (*Messrs. McCord, Farrell, Eynon & Munyon,* attorneys).

Mr. *Gerald Goldman* argued the cause for intervenor, Stephen Dudiak (*Messrs. Goldman, Carlet & Garrison,* attorneys).

Mr. *Alan B. Handler,* First Assistant Attorney General, argued the cause for respondents (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered

PER CURIAM. In an opinion filed in this cause on July 3, 1967, 49 *N. J.* 406, we held that the Apportionment Commission constituted pursuant to the recent amendment of the State Constitution should reconvene and prepare a new districting plan with respect to the counties of Camden, Gloucester, and Salem, and also establish new assembly districts with respect to the County of Passaic. On July 20, 1967 the Apportionment Commission certified the results of its further labors. Thereupon, Frederick J. Scholz filed a petition to intervene and for a judgment setting aside the said further action of the Commission. We granted the petition to intervene and referred the petition to the trial court for hearing. An application to intervene was made to the trial court by Stephen Dudiak for the same relief with respect to Passaic County. The trial court granted his application to intervene and the matters were heard together. The trial court filed an opinion upholding the Commission and we set the matter down for immediate argument.

With respect to the districts created for the area encompassing Camden, Gloucester, and Salem counties, all of

the proposed plans respected municipal lines. It is agreed that the plan adopted by the Commission has the smallest possible population deviation of all the plans submitted. These plans were prepared by the Research Director in the Division of Legislative Information and Research and his staff. The parties acknowledge that the plans were prepared without any awareness of the political complexion of the proposed districts. The only charge made against the adopted plan is that it lacks compactness. On the record before us, and in the light of the discussion of compactness contained in our earlier opinion, we cannot say the charge has been sustained. Hence we would not be justified in interfering with the action of the Commission.

With respect to the County of Passaic, it appears that 29 plans were proposed. Only one preserved all municipal boundaries. A vote was had on that plan. Five members of the Commission voted for it, five abstained, and one member was absent. None of the other plans was submitted to a vote. The Commission thereupon adjourned, with four members voting against the adjournment.

The intervenor, Dudiak, asks that the Court itself adopt the plan which was actually considered by the Commission and which failed of adoption. The Attorney General, on the other hand, urges that, the Commission not having adopted a plan for Passaic County within the time fixed in our last opinion, the candidates for Assembly in that county should run at large as provided in that opinion.

As we have said, none of the other 28 plans was submitted to a vote. The reason for that failure does not appear. We must conclude that a vote upon but one of the many plans cannot be accepted as satisfying our mandate. If time permitted, we would remand the matter to the Commission for further consideration but all counsel agree that this is not feasible. The question then is whether we should depart from the provision of our last opinion that the candidates shall run at large if a new districting plan should not be adopted. In that opinion, we contemplated an exhaustive effort to district,

and provided for election at large on that hypothesis. We did not contemplate the scant attempt revealed by this record. In the circumstances we think the public interest would be better served if we reverted to the alternative approach mentioned in our last opinion, under which, solely for the purpose of the ensuing election, three assemblymen will be elected, one from each of the three districts originally certified by the Commission, the remaining two to run at large. At the oral argument there appeared to be agreement that this course would be preferable to having all assemblymen run at large in Passaic County. This will at least tend to serve the constitutional objective of district representation.

Judgment will be entered forthwith in accordance with this opinion. No costs.

*For modification*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and HALL—5.

*Opposed*—None.